IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMASINE HINES,

    Plaintiff,

v.                                                CIVIL ACTION NO. 2:14cv332

UNITED STATES OF AMERICA,

    Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant United States' ("Government" or "United States") Motion to Dismiss for Lack of Subject Matter Jurisdiction against Plaintiff Thomasine Hines ("Plaintiff"). ECF No. 3. For the reasons set forth herein, the Motion to Dismiss is **GRANTED WITH PREJUDICE**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On September 27, 2013, Plaintiff Thomasine Hines filed the instant action in the General District Court for the City of Norfolk, alleging claims of slander and defamation of character against her supervisor and United States Navy civilian employee Beatriz Bande-Ocasio ("Bande-Ocasio") and seeking $25,000 in monetary damages. ECF No. 1-1 at 1. On December 10, 2013, Plaintiff filed a Bill of Particulars and Full Statement of Justification of Suit in which she alleged that Bande-Ocasio created a stressful and hostile working environment on the Navy ship to which she was assigned by fabricating stories about her work ethic and defaming her character. *Id.* at 36-40. Plaintiff maintained that because of this alleged defamation, she developed anxiety and increased blood pressure, her morale and work conditions declined, and she was forced to use her sick leave. *Id.* On January 7, 2014, the United States filed a Demurrer and Grounds of

Defense insisting that Plaintiff failed to state a cause of action entitling her to relief. *Id.* at 48-54. On July 3, 2014, the United States removed this case to federal court and substituted the Government as the sole defendant because Bande-Ocasio was acting within the scope of her office or employment as an employee of the United States Navy at the time of the incident in question. *See* ECF No. 1, ECF No. 1-2. The same day, the United States filed the Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 3, ECF No. 4. Plaintiff did not submit a response to the Motion to Dismiss. This matter is now ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject matter jurisdiction. Unless a matter involves an area over which federal courts have exclusive jurisdiction, a federal district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States," 28 U.S.C. § 1332(a)(1). *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). Accordingly, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). The plaintiff bears the burden of proving the court's jurisdiction. *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the reviewing court assumes that all factual allegations in the complaint are true if it is contended that a complaint fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th

Cir. 1982). Also in consideration of a Rule 12(b)(1) motion, the court may consider evidence outside the pleadings, such as affidavits, depositions, live testimony, *id.* at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). A dismissal will be granted where the material jurisdictional facts are undisputed and a defendant is entitled to prevail as a matter of law. *Richmond, Fredericksburg Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### III. DISCUSSION

The United States has cited two bases for dismissal: failure to exhaust administrative claims and lack of waiver of sovereign immunity. First, the Government argues that the Court lacks subject matter jurisdiction over this case because Plaintiff failed to exhaust her administrative remedies as required under the Federal Tort Claims Act ("FTCA"). The requirement that a party file an administrative claim before filing an action under the FTCA arises from 28 U.S.C. § 2675(a), which provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The purpose of the FTCA's administrative claim procedure is "to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts." *Jerves v. United States*, 966 F.2d 517, 520 (9th Cir. 1992). As the United States Supreme Court noted in *McNeil v. United States*, 508 U.S. 106, 112 (1993):

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude

of claims.

The requirement of an administrative claim is jurisdictional. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). Because the requirement is jurisdictional, it "must be strictly adhered to." *Jerves*, 966 F.2d at 521 (citations and internal quotation marks omitted).

Second, the Government argues that this Court lacks subject matter jurisdiction because sovereign immunity has not been waived. The United States is immune from suit except to the extent it consents by statute to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). The FTCA acts as a limited waiver of sovereign immunity by permitting tort suits against the United States for any injuries a government agent or employee causes when acting within the scope of her employment to the extent a private person would be liable for the act or omission under state law. *See* 28 U.S.C. § 1346(b); *Williams*, 50 F.3d at 305. This limited waiver of sovereign immunity occurs only after a plaintiff exhausts her administrative remedies within the relevant government agency. *Hockaday v. Brownlee*, 370 F. Supp. 2d 416, 420 (E.D. Va. 2004). The plaintiff bears the burden of demonstrating that the United States has waived sovereign immunity. *Williams*, 50 F.3d at 304. Courts must "scrupulously observe[]" the requirements for securing the Government's waiver. *Kokotis v. United States*, 223 F.3d 275, 278 (4th Cir. 2000); *see also Jerves*, 966 F.2d at 521 (holding that the exhaustion requirement must be strictly adhered to "particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.").

The Court grants the Government's Rule 12(b)(1) motion challenging subject matter jurisdiction on the basis of Plaintiff's failure to exhaust administrative remedies and failure to establish a waiver of sovereign immunity. Under the FTCA, a federal court will not have jurisdiction over a tort suit against the United States "unless the claimant shall have first presented

the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing[.]" 28 U.S.C. § 2675; *see also* 28 C.F.R. § 14.2(a) (detailing the procedure for filing an administrative claim with a federal agency). Here, Plaintiff spoke with Supply Officer Eddie Owens and Captain James Dolan about Bande-Ocasio's supposed misconduct, but she has not shown that she made the appropriate formal inquiries to Department of the Navy personnel to comport with the strict FTCA requirements for securing a waiver of sovereign immunity. ECF No. 1-1 at 10-16. Since the FTCA provides the exclusive remedy for claims against the Government, and the procedural prerequisites for a FTCA claim must be construed strictly, Plaintiff's correspondence with Owens and Dolan does not satisfy the FTCA's exhaustion requirement. Accordingly, Plaintiff has not fulfilled the statutory requirements that she first file her claim and then have it denied by a federal agency in writing before filing a complaint in court. *See McNutt v. GMAC*, 298 U.S. 178, 182,189 (1936) (explaining burden of proof for sovereign immunity waiver). Since the exhaustion requirement was not satisfied, the United States has not, therefore, waived sovereign immunity. It follows that the Court must dismiss the suit for lack of subject matter jurisdiction. Plaintiff has not met her burden of pleading and proving subject matter jurisdiction, and the Motion to Dismiss must be granted. Because Plaintiff did not file any responsive pleading in federal court to challenge the Notice of Removal or Motion to Dismiss, and the Court does not have jurisdiction to consider this case, the Court dismisses Plaintiff's claims with prejudice.

## IV. CONCLUSION

Plaintiff failed to respond to the Motion to Dismiss and consequently, she has not established the exhaustion of her administrative remedies or a waiver of sovereign immunity. Therefore, the United States' Motion to Dismiss is **GRANTED WITH PREJUDICE.**

The Court **ADVISES** Plaintiff that she may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 15, 2014

/s/
Raymond A. Jackson
United States District Judge